## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### PADUCAH

| | | |
|---|---|---|
| **JAMES HALL**, on behalf of himself and others similarly situated, | ) ) ) | Docket No. __5:20-cv-190-TBR__ |
| Plaintiff, | ) ) | |
| v. | ) ) | **COLLECTIVE ACTION** |
| **AMERICAN SECURITY AND PROTECTION SERVICE LLC,** | ) ) ) | **COMPLAINT** **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

Plaintiff James Hall, by and through counsel, and for his Complaint against Defendant American Security and Protection Service LLC states and alleges the following:

1.    This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2.    The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division.

4.    At all times relevant herein, Plaintiff was a citizen of the United States. Plaintiff's Consent to Join Form is attached as **Exhibit A**.

5.    At all times relevant herein, Plaintiff and others similarly situated were employees within the meaning of 29 U.S.C. § 203(e).

6.      At all times relevant herein, Defendant was a for-profit North Carolina corporation, conducting business in the State of Kentucky, including in this District and Division.

7.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8.      At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9.      At all times relevant herein, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.     At all times relevant herein, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

11.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12.     Defendant provides various security services in multiple states, with regional offices located in Kentucky, North Carolina, and Georgia.[1] Defendant's Kentucky office is located in Paducah, KY (McCracken County).

13.     At all times material to this Complaint, Plaintiff and others similarly situated worked as non-exempt security workers.

14.     Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

15.     Plaintiff and other similarly situated employees were paid on an hourly basis.

---

[1] https://americansecurityandprotection.com/ (last viewed 12/1/2020).

**(Failure to Pay For Pre-Shift Work)**

16.     Plaintiff and other similarly situated employees were required to arrive at work 10 to 15 minutes before their scheduled shift for "pass down", which involves several shift-change duties. Employees who do not report 10 to 15 minutes early, as required, for "pass down" are disciplined.

17.     Plaintiff and other similarly situated workers were not paid any amount for the pre-shift "pass down" work, and such time was not counted as hours worked for purposes of computing overtime.

18.     Defendant paid Plaintiff and others similarly situated only from their shift start time to their shift end time.

19.     Plaintiff and others similarly situated were often also required to stay late to perform pass down.

20.     Whether arriving early or staying late, one or both security workers engaged in pass down was not being paid for the time.

21.     Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

22.     There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in when the performed the pre-shift "pass down" duties.

23.     This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

24.     Moreover, this unpaid work was an integral and indispensable part of other

principle activities performed by Plaintiff and other similarly situated employees.

25.     Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees for time spent performing pre-shift "pass down" duties.

### (Failure to Pay Overtime Compensation)

26.     As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

27.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### (Failure to Keep Accurate Records)

28.     Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees before clocking in each day.

29.     The amount of time Plaintiff and other similarly situated employees spent on their required and unpaid work before clocking in amounted to approximately 10 to 15 minutes or more per day.

### COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff brings Count One of the action on his own behalf pursuant to 29 U.S.C. §216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

31.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as:

> **All current and former hourly security guard employees employed by Defendant who at any time from three years preceding this Complaint**

**to its final resolution (1) worked forty hours or more in a workweek,
(2) relieved a preceding shift and/or was relieved by a subsequent shift,
and (3) was required to arrive at work before his/her shift began and/or
to stay after his/her shift ended to perform "pass down" duties.**

32.     The foregoing class will be referenced as the Class.

33.     Plaintiff is unable to state at this time the exact size of the potential classes, but upon information and belief avers that its consists of more than 50 people.

34.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees in the Class, and is acting on behalf of their interests, as well as his own, in bringing this action.

35.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## <u>COUNT ONE</u>
### (Fair Labor Standards Act Violations)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

38.     Defendant's practice and policy of not paying Plaintiff and other similarly situated

employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

39.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 CFR 516.2(a)(7).

40.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

41.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.     Award Plaintiff and the Class he represents actual damages for unpaid overtime compensation;

D.     Award Plaintiff and the Class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the Class;

E.     Award Plaintiff and the Class he represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the Class he represents attorneys' fees and costs; and,

G.      Award Plaintiff and the Classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (Ohio Bar # 0086195)*
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:    (614) 824-5770
Facsimile:    (330) 754-1430
Email:        rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio Bar # 0076017)*
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:    (330) 470-4428
Facsimile:    (330) 754-1430
Email:        hans@ohlaborlaw.com

*Counsel for Plaintiff*

*Pro hac vice admission anticipated

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab